

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 2, 2015

**BY ECF**

The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Ralph Nolan,**
              **14 Cr. 555 (GBD)**

Dear Judge Daniels:

      At yesterday's final pretrial conference, the Court addressed the question whether the Rule of Completeness required the Government to admit into evidence the entire videotaped post-arrest interview of the defendant, or only the portion ending at 16:48:18, which had been the Government's intent. The Court indicated that it was inclined to require that the entire tape be placed into evidence, rather than the portion the Government intended to admit.

      As the Government set out in its previous letter on this subject, the Rule of Completeness requires that the omitted portion of a statement be admitted only if it is "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007) (quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)); see also United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999) (same). If this standard is not met, the Government cannot be required to introduce portions of a statement that it does not intend to introduce.

      The Government maintains that the portion of the defendant's statement after the 16:48:18 mark is not necessary to explain or put into context the previous portion of the interview or to otherwise ensure a fair understanding of the omitted portion.

      However, in the alternative, the Government submits that to the extent the Court will require that more of the defendant's post-arrest interview be admitted into evidence, no portion of the statement after the 17:01:51 mark is necessary to satisfy the Rule of Completeness. The remainder of the approximately 50-minute recording from that point – about seven minutes in length – consists largely of the defendant denying his involvement in the robbery, crying, and a discussion of where the defendant will be going from the interview. The limited substantive conversation in these last seven minutes consists of the defendant denying that he had a gun and

stating that the gun that he was holding in a Facebook picture was a BB gun, and stating that he did not spend time on Webster Avenue, the location of the robbery.  However, each of these points was made by the defendant during the earlier parts of the interview that the Government intends to play for the jury.  Their repetition at the end is unnecessary to contextualize anything from the first 43 minutes of the interview.  The only purpose to be served by playing the last seven minutes of the interview would be to garner sympathy for the defendant, who is sobbing because he has been arrested and charged with a serious crime.  Plainly, this is not an appropriate basis to require that this portion of the interview be played.

For these reasons, there is nothing in the final seven minutes of the defendant's post-arrest statement that is required to explain or put into context the first 43 minutes.  Accordingly, the Government should not be required to put the portion of the recording after the 17:01:51 mark into evidence to satisfy the Rule of Completeness.

        Respectfully,

        PREET BHARARA
        United States Attorney

By:    _____
        Richard A. Cooper
        Russell Capone
        Assistant United States Attorney
        Tel. No.: (212) 637-1027/2247

cc:    Mitchell Dinnerstein, Esq. (by ECF)