# Mitchell Dinnerstein
Attorney at Law

20 Vesey Street - Suite 400
New York, New York 10007
212.925.0793 (office)
212.964.2926 (fax)
917.763.2897 (cell)
md@dinnersteinlaw.com

October 9, 2015

Hon. Judge George Daniels
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: USA v. Ralph Nolan
    14--CR-555(GBD)
    Request to be Relieved as Counsel

Dear Judge Daniels:

    I write to the Court today to address a concern that I now have as to the effectiveness of my representation of my client Ralph Nolan. He is presently scheduled for sentencing before Your Honor on November 4, 2015. He was convicted by a jury on April 10, 2015. Mr. Nolan was found guilty of all three charges in the Indictment, Count One, a Conspiracy to Commit Robbery, pursuant to Title 18 U.S.C. § 1951, Count Two a substantive robbery count to Attempt to Commit a Robbery, pursuant to Title 18 U.S.C. §§ 1951 and 2, and Count Three, Brandishing a Firearm pursuant to Title 18 U.S.C. § 924(c) (1) (A) (ii).

    The case raised a sole issue, that is, was Ralph Nolan the person who committed the crime. There was no other evidence that pointed to Nolan being involved other than the eyewitnesses' testimony. The only question was whether Nolan was the "right man". At trial, I relied on the differences of the witnesses original descriptions with the actual physical appearance of the defendant. I did not call an expert who could have testified regarding the fallibility of eyewitness identifications. That was a terrible mistake. In hindsight, the lack of an expert witness to discuss the pitfalls of eyewitness identification testimony led directly to Nolan's conviction.

    There is Second Circuit case law that supports the view that an attorney is ineffective if he fails to call a medical expert. See, Bell v. Miller, 500 F. 3d 149, at 155, 156. (2007) The Second Circuit cited the seminal Supreme Court case Strickland v. Washington, 466 U.S. 668 at 688, 694 (1984). The relevant Strickland standard is that defense counsel is ineffective if the lawyer's performance prejudiced the outcome of the proceeding. Essentially, would there be a "reasonable probability" that the result would have been different, but for the lawyer's performance? Certainly that standard was met by my failure to call an expert. In good conscience, I must try to undo my mistake that in my view has meant the conviction of an innocent man. A case specifically on point addresses counsel's failure to procure an expert regarding the fallibility of eyewitness testimony (the issue here) constituted deficient

USA v. Nolan
Page 2

performance by that counsel. *Moore v. Keller*, 917 F. Supp. 2d 471(E.D. North Carolina, 2012). That case was reversed on other grounds. *Moore v. Hardee*, 723 F. 3d. 488 (4th Cir. 2013)

Therefore, I believe that the defendant should move under 28 U.S.C. § 2255 due to my ineffectiveness. The initial question is whether I should be relieved as counsel prior to the defendant's sentence so that the new counsel can be in a cleaner position to preserve Nolan's rights under 28 U.S.C. § 2255. I have an apparent conflict to address this issue because of my view that I provided ineffective representation under the *Strickland* standard.

It may be that Nolan can waive those rights, if he so wishes, but that he should do so only with counsel that is conflict free. Needless to say, I cannot be part of that decision making. Therefore, I ask the Court to hold a hearing to make that evaluation to determine whether I should be relieved as counsel for Mr. Nolan.

Of course, I believe that the defendant's sentencing cannot occur until this matter is resolved.

Thank you in advance for your attention to this matter.

Very truly yours,

/S/

Mitchell Dinnerstein
Attorney for Ralph Nolan

cc.: Richard Cooper, AUSA